# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

November 12, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KIMBERLY A. LAMP,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1054**  (BOR Appeal No. 2048315)
(Claim No. 2002006188)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CAMDEN CLARK MEMORIAL HOSPITAL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kimberly A. Lamp, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Anna Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 23, 2013, in which the Board affirmed a March 27, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 26, 2012, decision denying a request for authorization of the medications Lortab, Lyrica, Flexeril, Ambien, Xanax, Imitrex, Methadone, and Nexium. The Office of Judges also affirmed the claims administrator's April 26, 2012, decision denying a request for authorization of a lumbar spine MRI, an EKG due to Methadone use, and a referral to Dr. Watson.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

---

[1] Ms. Lamp does not appeal the Board of Review's decision affirming the claims administrator's April 26, 2012, denial of authorization for the medications Imitrex and Nexium. Additionally, Ms. Lamp does not appeal the Board of Review's decision affirming the claims administrator's April 26, 2012, denial of authorization for a referral to Dr. Watson.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Lamp filed a report of injury on June 18, 2001, indicating that she was injured while carrying radiographic films and their jackets to and from viewing rooms while employed as a radiographic clerk at Camden Clark Memorial Hospital. The claim was held compensable and Ms. Lamp underwent extensive lumbar spine surgery to treat the compensable injury. Michael Shramowiat, M.D., began treating Ms. Lamp following the compensable injury, and continues to be her primary care provider for pain management. On April 26, 2012, the claims administrator denied a request from Dr. Shramowiat for authorization of the medications Lortab, Lyrica, Flexeril, Ambien, Xanax, Imitrex, Methadone, and Nexium. Also on April 26, 2012, the claims administrator denied a request from Dr. Shramowiat for authorization of a lumbar spine MRI, an EKG due to Methadone use, and a referral to Dr. Watson.

In its Order affirming both April 26, 2012, claims administrator's decisions, the Office of Judges held that the requested medical treatment is necessitated by non-compensable degenerative changes and is therefore not medically necessary and reasonably required for the treatment of the compensable injury. As previously noted, Ms. Lamp has not appealed the denial of authorization for the medications Imitrex and Nexium, and also has not appealed the denial of authorization for a referral to Dr. Watson.

The Office of Judges found that Ms. Lamp has made numerous prior requests for additional medical treatment which were denied based on the reports of Charles Lefebure, M.D.; Prasadarao Mukkamala, M.D.; and Saghir Mir, M.D., who all opined that Ms. Lamp has reached maximum medical improvement and determined that her current symptomology stems from pre-existing degenerative changes unrelated to the compensable injury. Moreover, the Office of Judges found that Ms. Lamp has previously requested authorization for a lumbar spine MRI and has also requested authorization of the medications Methadone, Ambien, Lortab, Lyrica, and Flexeril, which was denied in a December 27, 2011, Office of Judges' Order. The December 27, 2011, Order of the Office of Judges was affirmed by the Board of Review on July 13, 2012, and the July 13, 2012, Board of Review Order was affirmed by this Court on May 16, 2014. Further, the Office of Judges noted that Dr. Shramowiat testified in a deposition that Ms. Lamp has already undergone the requested lumbar spine MRI. Finally, the Office of Judges concluded that the evidence of record demonstrates that the request for authorization of the medications Lortab, Lyrica, Flexeril, Ambien, Xanax, and Methadone; the request for authorization of a lumbar spine MRI; and the request for authorization of an EKG due to methadone use arise from the treatment of pre-existing, non-compensable degenerative changes. The Board of Review reached the same reasoned conclusions in its decision of September 23, 2013. We agree with the reasoning and conclusions of the Board of Review.

2

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II